UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
NY PUMP AND MOTOR CO., INC.,

                Plaintiff,

        -against-

FEDEX CORPORATION,

                Defendant.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-03502 (OEM) (TAM)

ORELIA E. MERCHANT, United States District Judge:

On May 20, 2025, Plaintiff NY Pump and Motor Co., Inc. ("Plaintiff") filed a complaint against Defendant FedEx Corporation ("FedEx") in the Supreme Court of the State of New York, Kings County. *See generally* Verified Complaint, Dkt. 1-1 ("Complaint" or "Compl."). On June 23, 2025, FedEx removed the case to this Court. *See* Notice of Removal, Dkt. 1 ("Notice of Removal"). Plaintiff asserts claims against FedEx for breach of contract, tortious interference with contractual relations, gross negligence, retaliation in violation of public policy, and breach of the implied covenant of good faith and fair dealing. *See generally* Compl. Before the Court is FedEx's unopposed motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") for lack of personal jurisdiction.[1]

For the following reasons, FedEx's Motion is granted.

---

[1] Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. 16-1 ("Motion" or Mot.").

**BACKGROUND**[2]

### A. The Parties

Plaintiff is a domestic corporation duly organized under the laws of New York with its principal place of business in Brooklyn, New York. Compl. ¶ 1. Plaintiff provides mechanical fire protection and regulatory compliance services. *Id.* ¶ 5. Plaintiff alleges that FedEx is "a foreign corporation authorized to do business in the State of New York, with offices and operations throughout New York County and Kings County." *Id.* ¶ 2. Plaintiff asserts that "[j]urisdiction is proper under CPLR § 301 and § 302." *Id.* ¶ 3. Federal Express Corporation ("FEC") is not a party to this action and is a wholly owned subsidiary of FedEx. Declaration of Shahram A. Eslami ¶ 2, Dkt. 16-4 ("Eslami Declaration" or "Eslami Decl.").

Plaintiff alleges that it provided FedEx with mechanical fire protection and regulatory compliance services in FedEx's facilities throughout New York. Compl. ¶ 5. Between December 2024 and early 2025, Plaintiff performed services for FedEx pursuant to five contracts. *Id.* ¶¶ 6-7. Plaintiff alleges that "FedEx breached the agreements by terminating them without the required 30 days' written notice, obstructing [Plaintiff's] ability to complete services, rejecting approved work orders, demanding forfeiture emails, and engaging vendors lacking FDNY certifications to replace [Plaintiff's] services." *Id.* ¶ 8.

### B. Procedural History

On June 26, 2025, FedEx filed a letter requesting a pre-motion conference in anticipation of its motion to dismiss pursuant to Rule 12(b)(2). *See* Letter from FedEx to the Court (June 26, 2025), Dkt. 4. On July 1, 2025, Plaintiff filed a letter objecting to FedEx's request, stating that it intended to file a motion to remand. *See* Letter from Plaintiff to the Court (July 1, 2025), Dkt. 5.

---

[2] The following facts taken from Plaintiff's Complaint are accepted as true for the purposes of FedEx's Motion. The Court recites only those facts relevant to resolving the pending Motion.

2

Accordingly, the Court denied FedEx's request for a pre-motion conference without prejudice to renew within seven days of resolution of Plaintiff's anticipated motion to remand. *See* Order, dated July 2, 2025.

On July 22, 2025, Plaintiff filed a letter requesting a pre-motion conference in anticipation of its motion to remand. *See* Request for Pre-Motion Conference – Motion to Remand, Dkt. 9. At the same time, Plaintiff filed an amended complaint, purportedly adding FEC as a defendant, alleging that it "is a foreign corporation authorized to do business in the State of New York, with offices and operations throughout New York County and Kings County" and alleging that FEC contracted with Plaintiff. *See* First Amended Verified Complaint ¶¶ 3-5, Dkt. 10 ("Amended Complaint" or "Am. Compl."). However, three days later, on July 25, 2025, Plaintiff withdrew its request for a pre-motion conference in anticipation of its motion to remand. *See* Withdrawal of Request for Pre-Motion Conference, Dkt. 11.

On August 1, 2025, FedEx renewed its previous request for a pre-motion conference in anticipation of its motion to dismiss pursuant to Rule 12(b)(2), arguing that the Court lacks jurisdiction over FedEx and objecting to Plaintiff's filing of the Amended Complaint without leave of court. *See* Letter from FedEx to the Court (Aug. 1, 2025), Dkt. 12. The Court granted FedEx's request and held a pre-motion conference on September 16, 2025. *See* Order, dated Aug. 8, 2025; Minute Entry, dated Sep. 16, 2025.

At the conference, the Court set a schedule for Plaintiff to move for leave of court to file an amended complaint if Plaintiff desired to add FEC as a defendant. *See* Minute Entry, dated Sep. 16, 2025. On September 22, 2025, Plaintiff notified the Court that it did not intend to seek leave of Court to file the Amended Complaint, *see* Notice of Voluntary Dismissal of First Amended Complaint, Dkt. 14, and the Court struck Plaintiff's Amended Complaint, confirming

3

that the Complaint remained as the operative complaint, *see* Order, dated Sep. 23, 2025.  The Court also set a briefing schedule for FedEx's anticipated motion to dismiss pursuant to Rule 12(b)(2), directing that: FedEx's moving papers be served by October 8, 2025; Plaintiff's opposition papers be served by October 15, 2025; and FedEx's reply, if any, be served, and fully briefed motion be filed by October 22, 2025.  *See id.*  On October 8, 2025, FedEx filed a letter confirming service of its Motion on Plaintiff.  *See generally* Letter from FedEx to the Court (Oct. 8, 2025), Dkt. 15.  On October 23, 2025, FedEx filed its Motion.  *See* Mot.  To date, Plaintiff has not served or filed any opposition to FedEx's Motion.

## LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the court's personal jurisdiction over the defendants.  *Troma Ent., Inc. v. Centennial Pictures, Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha ("Penguin I")*, 609 F.3d 30, 34 (2d Cir. 2010)).  A court has "considerable procedural leeway" on a Rule 12(b)(2) motion and may decide it based on affidavits alone, permit discovery in aid of the motion, or conduct an evidentiary hearing.  *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013).  "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'"  *Id.* (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).  Further, "the allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."  *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navalat*, 989 F.2d 572, 580 (2d Cir. 1993)).  Further, the Court may consider affidavits, declarations, and other

supporting materials submitted by the parties in deciding a Rule 12(b)(2) motion. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).

At the preliminary stage, prior to discovery upon a defendant's Rule 12(b)(2) motion, a plaintiff need only persuade the court "that its factual allegations constitute a prima facie showing of jurisdiction." *Dorchester Fin. Secs.*, 722 F.3d at 85 (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). Where, as here, the court relies on the pleadings and affidavits, the court construes the pleadings and affidavits in the light most favorable to the plaintiff and resolves all doubts in plaintiff's favor. *Id.* However, courts should "not draw argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (first quoting *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); and then quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)).

To determine personal jurisdiction over a non-domiciliary in a case involving diversity jurisdiction, the laws of the forum state govern, subject to the limits of federal due process. *See Whitaker*, 261 F.3d at 208-09; *MDG Real Est. Glob. Ltd. v. Berkshire Place Assocs., LP*, 513 F. Supp. 3d 301, 305-06 (E.D.N.Y. 2021). New York's long-arm statute provides for both general and specific personal jurisdiction under New York Civil Practice Law and Rules ("CPLR") Sections 301 and 302. *See MDG Real Est.*, 513 F. Supp. 3d. at 306 (citing N.Y. C.P.L.R. §§ 301-302).

## DISCUSSION

FedEx argues that the Court should dismiss Plaintiff's Complaint in its entirety because it is not subject to general or specific personal jurisdiction in New York. Mot. at 9-10, 12. Plaintiff

5

asserts in its Complaint that the Court may exercise both general and specific personal jurisdiction over FedEx.  *See* Compl. ¶ 3 ("Jurisdiction is proper under CPLR § 301 and § 302.").

Personal jurisdiction against a non-domiciliary corporation involves a two-step inquiry. First, the Court must look to the forum state's general jurisdictional or long-arm jurisdictional statute to determine whether personal jurisdiction exists over the nonresident defendant.  *Sonera Holding B.V. v. . Cukurova Holdings A.Ş.*, 750 F.3d 221, 224 (2d Cir. 2014).  Second, if the long-arm statute allows the Court to exercise jurisdiction, the Court must then determine whether the exercise of jurisdiction over the defendant comports with the Due Process Clause of the U.S. Constitution.  *Id.*; *MDG Real Est.*, 513 F. Supp. 3d. at 305-06; *Cooper v. Fire & Ice Trucking, Corp.*, 23-CV-1675 (MAK)(TAM), 2024 WL 3344001, at *5 (E.D.N.Y. July 9, 2024).  "The Due Process Clause is satisfied if the court has general or specific personal jurisdiction over the defendant."  *Cooper*, 2024 WL 3344001, at *5 (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021)).  General jurisdiction "permits a court to adjudicate any cause of action against the . . . defendant, wherever arising, and whoever the plaintiff."  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).  Specific jurisdiction exists "when the cause of action sued upon arises out of the defendant's activities in a state."  *Id.*  The Court first addresses whether FedEx is subject to general personal jurisdiction, then whether it is subject to specific personal jurisdiction.

### A.  General Personal Jurisdiction

FedEx argues that general personal jurisdiction does not exist over it because it is not "at home" in New York.  Mot. at 10-12.  A court may exercise general jurisdiction when a defendant is essentially "at home" in the State.  *Ford Motor Co.*, 592 U.S. at 358.  New York law permits general personal jurisdiction over persons domiciled in New York.  *Cooper*, 2024 WL 3344001,

at *15.  Under CPLR Section 301, a corporation is subject to personal jurisdiction if it is engaged in "such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted."  *Sonera Holding*, 750 F.3d at 224, (alteration in original) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 565 N.E.2d 488, 490 (N.Y. 1990)).  A corporation is "at home" in the place of its incorporation and its principal place of business.  *Ford Motor Co.*, 592 U.S. at 359 (citing *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014)).  To determine if a corporation is "doing business" in a state, Courts also consider factors such as "[t]he existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York."  *Landoil Res. Corp.*, 918 F.2d at 1043; *accord Brown v. Web.com Grp., Inc.*, 57 F. Supp. 3d 345, 354 (S.D.N.Y. 2014) ("Additional indicia of a corporation's presence in the forum include whether it has employees, agents, offices, bank accounts, or property within the state; whether it is authorized to do business there; the volume of business it conducts with state residents; whether it has a phone listing in the state; whether it does public relations work there; and whether it pays state income or property taxes.").

Plaintiff does not allege sufficient facts to confer general personal jurisdiction over FedEx under CPLR Section 301.  First, FedEx is not incorporated in and does not have a principal place of business in New York.  FedEx is incorporated in Delaware and its principal place of business is Tennessee.  Eslami Decl. ¶ 2.  Plaintiff does not contest this assertion.  Accordingly, FedEx would be subject to general personal jurisdiction in Delaware and Tennessee.

Second, to the extent that Plaintiff alleges that jurisdiction is proper because FedEx is "authorized to do business" in New York, *see* Compl. ¶ 2, that fact alone does not support a finding of general personal jurisdiction.  The New York Court of Appeals has rejected the argument that,

7

standing alone, a foreign corporation that is registered to do business in New York consents to general personal jurisdiction in New York. *See Aybar v. Aybar*, 177 N.E.3d 1257, 1260-61 (N.Y. 2021).

Third, Plaintiff's allegation that personal jurisdiction is proper because FedEx has "offices and operations throughout New York County and Kings County," Compl. ¶ 2, is both insufficient and incorrect. A corporate defendant is only treated as "at home" in a state other than where it is incorporated or maintains its principal place of business in a "truly exceptional" case. *Lockheed Martin Corp.*, 814 F.3d at 627 ("[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how "systematic and continuous," are extraordinarily unlikely to add up to an "exceptional case"). Plaintiff makes one sole allegation that FedEx had offices and operations throughout New York and Kings Counties. Compl. ¶ 2. Plaintiff does not allege any "additional indica" of FedEx's presence in New York, such as "whether it has employees, agents, offices, bank accounts, or property within the state; the volume of business it conducts with state residents; whether it has a phone listing in the state; whether it does public relations work there; [or] whether it pays state income or property taxes." *See Web.com Grp., Inc.*, 57 F. Supp. 3d at 354. Thus, the fact that FedEx may maintain offices and operations in New York, standing alone, is insufficient to confer general personal jurisdiction upon it. *Cf. Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 125 (S.D.N.Y. 2021) (holding that the existence of a large office and a substantial number of employees in a forum is insufficient to establish general jurisdiction); *Saeed v. ASML US LLC.*, 24cv5176 (DLC), 2024 WL 4635368, at *2 (S.D.N.Y. Oct. 30, 2024) (holding that there was no general personal jurisdiction over a corporation that did "substantial business" and had three large offices in New York but was incorporated in Delaware and maintained its principal place of business in Arizona). Moreover,

Plaintiff's Complaint arises out of five properties located in New York, which it inappropriately attributes to FedEx. FedEx counters that these facilities are either leased or owned by FEC, which is a separate entity from FedEx, and that FedEx has not and does not own any of those five facilities. *See* Declaration of Brad M. Courtney ¶ 2, Dkt. 16-3 ("Courtney Declaration" or "Courtney Decl."). In fact, FedEx does not own or lease any real property in New York. Declaration of William S. Young ¶ 2, Dkt. 16-2 ("Young Declaration" or "Young Decl."). Plaintiff does not contest these assertions, and Plaintiff has not alleged a basis to find that this is a "truly exceptional" case that warrants the Court's exercise of personal jurisdiction over FedEx.

Consequently, there is no basis for the Court to exercise general personal jurisdiction over FedEx pursuant to CPLR Section 301.

## B. Specific Personal Jurisdiction

FedEx argues that it is not subject to specific personal jurisdiction because Plaintiff has not plausibly alleged that FedEx "purposefully availed" itself of opportunities in New York related to Plaintiff's Complaint. Mot. at 12-14. New York's long-arm statute permits courts to exercise jurisdiction over out-of-state defendants "where the claim arises from (1) a transaction of business within the state, (2) a commission of a tortious act within the state, (3) a commission of tortious acts without the state causing injury within the state, [or] (4) defendant owns, uses or possesses any real property situated within the state." *Saks v. Andreu, Palma, Lavin, & Solis, PLLC*, 24-CV-02045 (OEM) (CLP), 2025 WL 317516, at *4 (E.D.N.Y. Jan. 28, 2025) (first citing N.Y. C.P.L.R. §§ 302(a)(1)-(4); and then citing *Herod's Stone Design v. Mediterranean Shipping Co. S.A.*, 434 F. Supp. 3d 142, 153 (S.D.N.Y. 2020)). Furthermore, "[d]ue process requires that a nondomiciliary have 'certain minimum contacts' with the forum and 'that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Williams v. Beemiller,*

9

*Inc.*, 130 N.E.3d 833, 836 (N.Y. 2019) (quoting *Int'l Shoe Co. v. Washington, Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).  Plaintiff does not specifically invoke any of the foregoing subsections.  However, Plaintiff asserts that its "claims arise from FedEx's business activities and contractual dealings in New York State," Compl. ¶ 3, and asserts claims for tortious interference with contract, *id.* ¶¶ 17-22, and gross negligence, *id.* ¶¶ 23-28.  Thus, the Court addresses whether specific jurisdiction arises under either the first or second prongs of New York's long-arm statute.

### 1.  CPLR Section 302(a)(1)

"[A] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state."  N.Y. C.P.L.R. § 302(a)(1).  Two requirements must be met to assert jurisdiction under this subsection: "(1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013) (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)).  Transacting business "means 'purposeful activity—some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Spetner v. Pal. Inv. Bank*, 70 F.4th 632, 639 (2d Cir. 2023).  The second element "is satisfied 'when there exists an articulable nexus or a substantial relationship between transactions occurring within the state and the cause of action sued upon.'"  *Id.* at 643 (quoting *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 23 (2d Cir. 2004)).  Similarly, the constitutional limitations on the exercise of personal jurisdiction dictate that, for there to be specific personal jurisdiction, a defendant must "purposefully avail[] itself of the privilege of conducting activities within the

forum [s]tate." *Ford Motor Co.*, 592 U.S. at 359 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  In other words, the plaintiff's claims "'must arise out of or relate to the defendant's contacts' with the forum." *Id.* at 359-60 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (Sotomayor, J., dissenting)).

The Court need not conduct an extensive inquiry into whether FedEx transacted business within the state or whether the conduct Plaintiff complains of arises from that conduct.  FedEx asserts, and Plaintiff does not oppose, that FedEx "did not conduct business with [Plaintiff] or have any connection to the properties identified in [Plaintiff's] complaint." Mot. at 14.  Plaintiff entirely fails to allege that FedEx conducted any activities in New York, considering that Plaintiff does not contest FedEx's assertion that it does not own or lease any real property in New York, "including any of the facilities identified in the Verified Complaint," and "has never entered into a contract with [Plaintiff] and has no involvement with vendors who conduct fire inspection, safety or maintenance of any of the facilities identified in the Verified Complaint."  Young Decl. ¶ 2; *see also* Courtney Decl. ¶ 3 ("[B]ecause [FedEx] does not have any ownership, control or responsibility for the facilities identified in the 'Verified Complaint' it would not have contracted with [Plaintiff], or anyone else, for the provision of any fire safety inspections, repairs or maintenance at the facilities.").  As a matter of fact, FedEx does not contract to provide any services to the public.  *See* Eslami Decl. ¶ 3.

Similarly, FedEx asserts, and Plaintiff does not oppose, that Plaintiff cannot establish any facts showing that FedEx purposefully availed itself of business opportunities in New York or that its claims arise out of or relate to those contacts.  Mot. at 14.  Instead, all of the employees who allegedly interacted with Plaintiff appear to be FEC employees, not FedEx employees.  Courtney Decl. ¶ 6.  All of the facilities at issue appear to be owned or leased by FEC, not FedEx.  Courtney

11

Decl. ¶¶ 2-3; *cf.* Young Decl. ¶ 2 ("I am unable to identify any real property that [FedEx] owns or leases in New York, including any of the facilities identified in the Verified Complaint."). And the only potential contractual relationship asserted in this matter appears to be between Plaintiff and FEC, not FedEx. *See* Courtney Decl. ¶ 5; *cf.* Young Decl. ¶ 2 ("[FedEx] has never entered into a contract with [Plaintiff.]"). Thus, Plaintiff does not satisfy either element of specific personal jurisdiction, or the constitutional requirement of purposeful availment. Consequently, there is no basis for specific personal jurisdiction under CPLR Section 302(a)(1).

### 2.  CPLR Section 302(a)(2)

A court has specific "personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state. . . ." N.Y. C.P.L.R. § 302(a)(2). "At minimum, to qualify for jurisdiction under this subsection, 'a defendant's act or omission [must have] occur[red] within the State.'" *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 789-90 (2d Cir. 1999) (alterations in original) (quoting *Kramer v. Vogl*, 215 N.E.2d 159, 161 (N.Y. 1966)). Plaintiff alleges that FedEx "interfered with [its] subcontractor relations by bypassing [Plaintiff] and directly contacting All State Sprinkler LLC [and that] FedEx induced the subcontractor to disregard its agreements with [Plaintiff] and negotiate directly with FedEx." Compl. ¶ 20. Plaintiff also alleges that FedEx breached its "nondelegable duty to ensure that all fire protection and compliance services at its facilities" be performed by qualified and certified vendors, thereby "deliberate[ly] obstruct[ing]" Plaintiff's efforts to complete legally mandated services." *Id.* ¶ 24, 26. However, these allegations are controverted by FedEx's representations that it had no contractual relationship with Plaintiff in New York and any contractual relationship Plaintiff "would have been with FEC, not [FedEx]." Courtney Decl. ¶ 5. Consequently, Plaintiff does not plausibly allege that FedEx committed a tortious act within New York.

12

Plaintiff also does not allege facts that support an agency theory.  Plaintiff does not allege a relationship between FedEx and any agent, including FEC, and does not allege that FedEx directed any agent to interfere with Plaintiff's subcontractor relationships, or that FedEx benefitted from any such alleged tortious interference.  *See Ali v. Mayweather*, 24 Civ. 5642 (LLS), 2025 WL 1648779, at *4 (S.D.N.Y. June 11, 2025) (explaining that the plaintiff's agency theory "lack[ed] support" because the plaintiff did not clearly define the relationship between the agents and the defendants and did not allege that the defendants directed the agents to commit the tort or benefitted from the tort); *see also Jazini*, 148 F.3d at 184 ("To establish that a subsidiary is an agent of the parent, the plaintiff must show that the subsidiary 'does all the business which [the parent corporation] could do were it here by its own officials.'" (alteration in original)).  *See generally* Compl.  In fact, Plaintiff's Complaint is devoid of facts that even blandly assert conspiracy or agency.  *See Lehigh Val. Indus. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) (first citing *Lamarr v. Klein*, 315 N.Y.S.2d 697-98 (1st Dep't 1970); and then citing *Socialist Workers Party v. Att'y Gen.*, 375 F. Supp. 318, 321-22 (S.D.N.Y. 1974)) (concluding that the plaintiff did not establish any basis for a finding of personal jurisdiction under CPLR Section 302(a)(2) and stating "[t]he New York law seems to be clear that the bland assertion of conspiracy or agency insufficient to establish jurisdiction for the purposes of [S]ection 302(a)(2). . . . There are no allegations of specific facts which would connect [the purported agent] with any New York activity.").  *See generally* Compl.  Therefore, because there is no plausible allegation that FedEx, or any agent of FedEx, tortiously interfered with Plaintiff's business relations in New York, there is no basis for specific personal jurisdiction under CPLR Section 302(a)(2).

Consequently, there is no basis for the Court to exercise specific personal jurisdiction over FedEx pursuant to CPLR Section 302.

**CONCLUSION**

For the foregoing reasons, FedEx's Motion is granted, and Plaintiff's Complaint is dismissed.

SO ORDERED.

                                                  _____/s/_____

                                                  ORELIA E. MERCHANT
                                                  United States District Judge

April 22, 2026
Brooklyn, New York

14